*Andrews & Phister, for appellees.*

---

WOODFORD DOLLINS *v.* R. H. PERRY ET AL.

**Infants—Sale of Real Estate—Judgment Voidable—Appeal is the Remedy
  Where Error Appears on Face of Record—Limitation.**
  All the alleged errors complained of by the appellants appear upon
  the record of the suit in which the judgment was rendered, as well
  as the fact that the appellants were then infants.
  The construction given to section 579 of the Civil Code is that
  when the error complained of appears in the record and also the fact
  that the defendant is an infant or lunatic, etc., the remedy is by an
  appeal and not by petition to vacate the judgment.

**Appeals and Errors—Judgments Against Infants—Limitation.**
  If the party defendant is an infant, married woman, or person of
  unsound mind at the time the judgment is rendered, then an appeal
  may be taken within one year after the disability is removed.

Opinion of the Court.

**Infants—Action to Sell Land of—Failure of Guardian ad Litem to Answer —Judgment Voidable.**

The failure of a guardian ad litem to file an answer for an infant in a proceeding to sell his land does not render the judgment void, although it is a cause for reversing it.

**Executors and Administrators—Suit to Settle Estate—Creditor Need Not File Answer.**

In an action by an administrator to settle the estate of the deceased a creditor does not have to set up his claim against the estate by answer or other pleading, but he may present his side to the commissioner by vouchers as required by statute.

APPEAL FROM KENTON CIRCUIT COURT.

October 13, 1871.

OPINION BY JUDGE PRYOR:

Cary T. Allen, as the administrator of the goods, etc., of James Dollins, deceased, filed his petition in equity in the Kenton Circuit Court in the year 1852 for a settlement of the estate of the latter, alleging the insufficiency of the personal estate to pay the debts and asking for a sale of so much of the real estate left by the decedent as might be necessary for that purpose.

The widow of Dollins and his two infant children, Woodford and James C. Dollins, were made defendants to this action and served with process. The widow at the time was the statutory guardian of her two children. Sixty acres of the decedent's land was sold under the judgment rendered in this case to satisfy the indebtedness of the estate, and the appellee, R. H. Perry, became the purchaser. In 1866 the present suit was instituted by Woodford Dollins and James C. Dollins, the latter still being under age, by his brother as his next friend. The two children of James Dollins, deceased, for the purpose of vacating the judgment, rendered in the suit instituted by the administrator, Allen, in 1852, alleging that it was procured by the fraud and collusion of the administrator Allen and Perry, the purchaser, and also for various alleged errors appearing in the record in that suit.

By section 579, Civil Code, that court in which a udgment or final order is rendered shall have power after the expiration of the time to vacate or modify the judgment or order for various

reasons therein assigned. Among the grounds enumerated in that section are the following:

Subsection 4. For fraud practiced by the successful party in obtaining the judgment or order. Subsection 5. For erroneous proceedings against an infant, married woman, or person of unsound mind when the condition of such defendant does not appear in the record nor the error in the proceeding.

Subsection 8. For errors in a judgment shown by an infant in twelve months after arriving at full age as prescribed in section 421. Civil Code, 421, reads: "It shall not be necessary to reserve in a judgment or order the right of an infant to show cause against it after his attaining full age, but in any case in which but for this section, such a reservation would have been proper, the infant within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment."

All the alleged errors complained of by the appellants appear upon the record of the suit in which the judgment was rendered now sought to be vacated, as well as the fact that the appellants were then infants, except the one based upon the alleged fraud of the parties. The construction given to section 579 of the Civil Code is that when the errors complained of appear in the record and also the fact that the defendant is an infant or lunatic, etc., the remedy is by an appeal and not by petition to vacate the judgment.

Subdivision 8 of this section providing that "for errors in a judgment shown by an infant in twelve months after arriving at full age, as prescribed in section 421, does not conflict with sub-division 5 of the same section, but is intended to apply to errors in a judgment not appearing in the record, or in the judgment itself. Any other construction would render the 5th subdivision of this section inoperative.

By section 884, Civil Code, a party against whom a judgment or final order is rendered has three years after its rendition to bring the case to this court by an appeal, and if a party defendant is an infant, married woman or person of unsound mind at the time the judgment is rendered, then an appeal may be taken within one year after the disabilities are removed. It certainly was not intended that the party laboring under the disabilities

could proceed both by petition and appeal to complain of the errors in the judgment when these errors are found in the record, and for which this court would reverse the judgment.

The proper construction of this provision of the Code is that when errors appear in the record the remedy is by appeal or otherwise by petition. The appellants have failed to show any fraud in this case either upon the part of the administrator, Allen, or the vendee of the land, Perry. The proof of nearly all the neighbors shows that the land sold for a full and fair price; that it was sold more at the urgent solicitation of the widow and Woodford Dollins than from any desire on the part of the administrator.

The decedent himself expressed his wish during his last illness that this particular tract of land bought of Carmeal should be sold. He had incurred a large debt by purchasing this property and mortgaged his own tract of land adjoining it to secure the payment. The land was not very productive and the widow, after her husband's death, instead of accumulating means by cultivating the farm was continually increasing her indebtedness. It is true that Perry, after the purchase of the land and improving it, sold it for an increased price. This was doubtless owing to a sudden increase in the value of real estate, and the improvements made upon it. The land has been sold several times since the purchase by Perry, valuable improvements placed upon it, and the appellant, Woodford Dollins, lived adjoining with a full knowledge of the sales and the existence of the alleged fraud and has never asserted his supposed rights until eight or ten years after his arrival at age, when he institutes this suit. He certainly is in no condition to disturb the sales made to innocent purchasers.

Administrator Allen, however, as well as Perry, seems to have acted in good faith, and with the purpose and desire upon his part to advance the interest of the widow and children. The property sold for its full value and on this account the appellants cannot complain. The appellants insist that the sale is void. First, because the guardian ad litem failed to answer the petition for the infants. Second, because the creditor, Carmeal, who held a lien or mortgage on the property to secure his debt failed to make his answer a cross-petition with services of process on

the infants in order to subject it. Third, for the reason that the judgment was for more than the indebtedness. Fourth, that certain payments to be made for the land by the terms of the sale were for cash in hand.

This court, in the case of *Thornton, etc., v. McGrath,* 1 Duval 350, decided, that the failure of the guardian ad litem to answer did not render the decree void, although it was cause for reversing the judgment. It was unnecessary for Carmeal to file any cross petition as against the infant defendants on the original petition. The original petition was filed by the administrator to subject the land of the infants decended to them from the father to pay the debts and the debt of Carmeal was one of the debts mentioned and he made a defendant to the action. A sale of the land would have been proper if Carmeal had not filed his answer at all but presented his side to the commissioner in the shape of vouchers as required by statute.

The judgment in the case was only for the real amount of Carmeal's debt, and although the commissioner's report is defective, still on the rendition of the judgment the land was sold for only the real indebtedness of the decedent. The sale for cash is irregular, but as the cash payments were small, and the other credits extended to the time at which Carneal's payments fell due, it was certainly to the interest of the estate to prolong these payments in order to obtain the best price possible for the land.

There are other errors complained of, some of which might be cause for reversal, but all combined will not render the judgment void. We perceive no reason for disturbing the judgment of the court below, and the same is affirmed.

*Stevenson & Myers, for appellant.*

*Fisk, Pryor & Chambers, for appellee.*